UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA SMITH,<br><br>   Plaintiff,<br><br>  v.<br><br>HOME DEPOT U.S.A., INC., et al.,<br><br>   Defendants. | Case No. 24-cv-06416-SI<br><br>**ORDER RE MOTION TO REMAND AND MOTION TO AMEND**<br><br>Re: Dkt. Nos. 15, 16 |

Before the Court is plaintiff's motions to amend her complaint and remand the case to state court. Dkt. Nos. 15-16. For the reasons stated below, the Court GRANTS both motions and REMANDS the case to Alameda County Superior Court.

**BACKGROUND**

Plaintiff Gloria Smith alleges she was injured on September 1, 2022, at Home Depot in San Leandro, California when a tile fell from a shelf onto her right hand while an employee was re-stocking shelves. Dkt. No. 16 ("Mot. to Remand") at 3. Plaintiff was not introduced to a store manager or made aware of the store manager's name at the time of the incident, nor does she know the name of the employee who was stocking shelves when the tile fell on her hand. *Id.* Plaintiff filed a complaint for damages based on negligence in Alameda County Superior Court on August 13, 2024. Dkt. No. 1-1 ("Compl."). Plaintiff seeks more than $3 million in damages. Dkt. No. 1-3. Plaintiff named Home Depot, "Doe Store Manager," and fifty other does as defendants. Compl. at 1. Plaintiff alleged that at all relevant times the individual doe defendants were acting "within the course, scope and authority" of their employer. *Id.* at 3. The complaint alleged that the store

manager and another unidentified employee are residents of the County of Alameda. Compl. at 2. Plaintiff is a California resident. *Id.*

On September 12, 2024, defendant Home Depot U.S.A., Inc. removed the case to federal court. Dkt. No. 1. Plaintiff now presents two motions to this Court. First, plaintiff requests leave to amend her complaint to name the Doe Store Manager, Crystal Anderson. Dkt. No. 15 ("Mot. to Amend") at 2. That motion also indicates that although plaintiff does not know the name of the employee who was stocking shelves when the tile fell on plaintiff's hand, "[p]laintiff intends to name the employee as well after discovery has concluded." *Id.* at 3, 7. Second, plaintiff requests this action be remanded to state court because the naming of the store manager would defeat diversity. Mot. to Remand at 8.

**LEGAL STANDARD**

Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." This language "is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). Courts "generally consider" the following factors in this discretionary inquiry:

> "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff."

*IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citing *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000)). If the Court permits joinder of a nondiverse defendant under section 1447(e), the Court must remand the action to state court. *Taylor v. Honeywell Corp.*, 2010 U.S. Dist. LEXIS 56001, at *4 (N.D. Cal. May 10, 2010) (citing 28 U.S.C. § 1447(e)).

**DISCUSSION**

Weighing the six factors collectively, the Court finds that joining Ms. Anderson is appropriate. Although Ms. Anderson is not a necessary party, it is legitimate to name a store manager as a defendant in California state court. Plaintiff indicated her intent to name the store manager from the beginning by including "Doe Store Manager" as a defendant in the original complaint. Other than the change of forum, there is no prejudice to defendant Home Depot by this amendment. Plaintiff's motion to amend was timely and the statute of limitations has otherwise run on a separate complaint against Ms. Anderson. Regarding plaintiff's motive, the Court need not view an amendment that destroys diversity with suspicion given the discretion allowed under section 1447(e). *See IBC*, 125 F. Supp. 2d at 1012; *see also Oettinger v. Home Depot*, No. C 09-01560 CW, 2009 WL 2136764, at *3 (N.D. Cal. July 15, 2009) ("Defendant's view of Plaintiff's motive is no more compelling than Plaintiff's explanation of her motive, and Plaintiff's preference for state court is no less honorable than Defendant's for federal court."). Furthermore, discovery has not commenced, and no dispositive motions have been filed.

The Court will thus exercise its discretion under section 1447(e) to permit plaintiff to amend her complaint and join Ms. Anderson as a defendant. As Ms. Anderson is alleged to be a California resident, diversity jurisdiction no longer exists in this Court and the case must be remanded.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court GRANTS plaintiff's motions. Because there is no longer subject matter jurisdiction, this action is REMANDED to the Superior Court of California, County of Alameda, Case No. 24CV087004.

**IT IS SO ORDERED**.

Dated: November 18, 2024

SUSAN ILLSTON
United States District Judge

3